IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **CURTIS DEAN BURTCH, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 3:23-cv-00126-TES-CHW |
| v. : | |
| : | |
| Probation Officer **TARA DAVIS**, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. : | Before the U. S. Magistrate Judge |
| : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro Se* Plaintiff Curtis Dean Burtch, Jr. an inmate at the Franklin County Detention Center in Carnesville, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for purposes of this recommendation of dismissal. It is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for abuse of the judicial process and for failure to state a claim for which relief may be granted.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 5. As it appears Plaintiff is unable to pay the full cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED** for purposes of this recommendation.

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount

in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot

satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II.     Factual allegations

On May 4, 2023, Plaintiff was arrested for a probation violation. ECF No. 1 at 5. Plaintiff alleges the probation arrest stemmed from a "T.P.O. violation". *Id*. Plaintiff states that the "T.P.O was dismissed" twenty days after his arrest on May 24, 2023. *Id*. On July 28, 2023, Plaintiff's probation was revoked after a hearing, and he "received two years". *Id*. Plaintiff alleges he filed an Open Records Request on October 6, 2023 "to get his final disposition judgment". *Id*. Plaintiff states that he "is still trying to figure out why he is still incarcerated" and that he should be released if there are no records regarding his probation revocation hearing.[1] *Id*. Plaintiff also requests punitive damages. *Id*. at 6.

---

[1] Monetary damages are an acceptable request for relief in a § 1983 action. *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973). Release, however, is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release". *Id*. Therefore, district courts lack the authority in a § 1983 action to grant a plaintiff release from custody. *Id*.

III.   Plaintiff's claims

A. **Dismissal Warranted for Failure to State a Claim**

*Plaintiff fails to connect Defendant Davis to any constitutional claim*

It is unclear why Plaintiff has brought this civil action against Defendant Probation Officer Tara Davis. Plaintiff does not make any allegations or present any claims regarding the Defendant other than simply naming her as a Defendant. *See* ECF No. 1. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

*Plaintiff's Complaint is subject to Dismissal under Heck v. Humphrey*

To the extent Plaintiff was arrested via warrant, he may be attempting to bring a claim for malicious prosecution. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 390 (2007) (an arrest warrant constitutes legal process which means that a plaintiff cannot state a Fourth Amendment claim for detention without legal process, i.e., false arrest or imprisonment); *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) ("[t]he issuance of a warrant—even an invalid one as [the

6

plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest"); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) ("Our Court has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983."); *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) ("A police officer who applies for an arrest warrant can be liable for malicious prosecution if he should have known that his application failed to establish probable cause or if he made statements or omissions in his application that were material and perjurious or recklessly false.") (internal quotation marks and citations omitted). The Eleventh Circuit has held that for this type of claim, "a Plaintiff must prove both 'a violation of [his] Fourth Amendment right to be free of unreasonable seizures' and 'the elements of the common law tort of malicious prosecution.'" *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) citing *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). Under the common-law elements of malicious prosecution, a plaintiff must prove that an officer "instituted or continued" a criminal prosecution against him, "with malice and without probable cause," that terminated in his favor and caused damage to him. *Id.*

In *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), a state prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their acts which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

7

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486-487.

The *Heck* court went on further to state "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. This favorable-termination requirement has been extended to probation revocation hearings. *See Cobb v. Florida*, 293 Fed.Appx. 708, 709 (11th Cir. 2008) (affirming dismissal because the necessary implication of a grant of relief would be that Plaintiff's probation revocation is invalid)

Any malicious prosecution claim by this Plaintiff cannot factually coexist with Plaintiff's being found guilty after a probation revocation hearing. A judgment in Plaintiff's favor in this court on his § 1983 claim would undermine his conviction on his probation revocation which is exactly the scenario envisaged by *Heck*. The Plaintiff pleads no facts to show that his probation revocation has been reversed, expunged, invalidated, called into question by the issuance of a writ of habeas corpus, or otherwise overturned. Because Plaintiff has not demonstrated that his probation revocation has been invalidated in the state courts, *Heck* bars all of Plaintiff's claims that would necessarily call into question his probation revocation. Plaintiff must return to the appropriate state court and attempt to invalidate his probation revocation. If Plaintiff should succeed in annulling his probation revocation, he may then institute an action for damages under § 1983 in federal court. Because this Court is precluded under *Heck* from reviewing Plaintiff's

possible malicious prosecution claim, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

*Plaintiff fails to state a § 1983 claim for non-compliance with state open records laws*

Even if Plaintiff were somehow to link his allegations related to open records requests to the Defendant, he still fails to state a claim for relief under § 1983. Plaintiff's claims are primarily based on his contention that Plaintiff filed an open records request under Georgia law, seeking "to get his final disposition Judgment," and his claim that "[t]here is no indication in the record that the plaintiff has a hand-written judgment on case no. 17FR-203M from a probation revocation hearing". ECF No. 1 at 5; ECF No. 1-1. As to any constitutional claim Plaintiff may be attempting to make as to the response to his open records request, it is unclear from Plaintiff's allegations how the Defendant in this case engaged in any constitutionally prohibited actions. Numerous courts have held that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion); *McBurney v. Young*, 569 U.S. 221, 232-33 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws."); *McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983) ("A litigant seeking release of government information under FOIA ... relies upon a statutory entitlement ... and not upon his constitutional right to free expression."); *Spottsville v. Barnes*, 135 F. Supp. 2d 1316, 1323 (N.D. Ga. 2001) ("In short, there is no First Amendment right of access to public information."); *Brooks v. Vallejo City Unified Sch. Dist.*, No. 2:12-cv-1466-GEB-EFB PS, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) (dismissing

plaintiff's § 1983 claims based on defendants' alleged violations of California open records act law). To any extent that Plaintiff's claims are premised upon a less than satisfactory response to his open records request for his conviction records, he fails to state a cognizable constitutional claim under §1983.

Plaintiff may be attempting to allege that a Defendant's refusal to comply with the Georgia Open Records Act amounts to an independent constitutional violation, but the law does not support such a claim. To state a claim for relief under § 1983, a plaintiff must allege that a state actor deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. *Hale*, 50 F.3d at 1582. A violation of state law, standing alone, fails to state a claim for federal relief under § 1983. *See, e.g., Daker v. Davis*, No. 7:19-CV-159-WLS-TQL, 2020 WL 12602511, at *3–4 (M.D. Ga. July 7, 2020), *report and recommendation adopted*, No. 719CV159WLSTQL, 2021 WL 4239499 (M.D. Ga. Sept. 17, 2021), *aff'd sub nom. Daker v. Chief Legal Affs. Officer*, No. 21-14102, 2023 WL 2317908 (11th Cir. Mar. 2, 2023); *Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1191 (11th Cir. 2004) ("[I]n general, allegations that local officials failed to comply with state laws are not federal constitutional claims."); *Teems v. Wingfield*, No. 5:17-cv-00171-MTT-CHW, 2018 WL 1474610, at *8 (M.D. Ga. Jan. 18, 2018) (finding that prisoner failed to state actionable constitutional claim based on local officials' refusal to respond to an Open Records Act request), *adopted by* 2018 WL 1474542 (M.D. Ga. Mar. 26, 2018).

To the extent Plaintiff is attempting to allege a procedural due process claim, "[a] procedural due process violation is only cognizable under § 1983 'when the state refuses to

provide a process sufficient to remedy the procedural deprivation.' " *Collier v. Conway*, 672 F. App'x 950, 952 (11th Cir. 2016) (per curiam) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)). The Georgia Opens Record Act provides a remedy for alleged noncompliance by permitting the aggrieved party to file a lawsuit in the state superior (not federal) courts to enforce compliance with the provisions of the Georgia Opens Record Act.  *See* O.C.G.A. § 50-18-73(a).  Plaintiff does not allege that this remedy is insufficient to vindicate his rights under the Georgia Opens Record Act; indeed, this action appears to be his attempt to do so. *See, e.g.*, ECF No. 1 at 6 (seeking punitive damages). Plaintiff therefore cannot state a procedural due process claim either.

For all these reasons, any § 1983 claim made by Plaintiff that the Defendant somehow violated the Georgia Open Records Act or otherwise violated his due process rights for failing to give him a "handwritten judgment" when requested to do so under the Georgia Open Records Act is subject to dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

B. *Dismissal Warranted for Abuse of the Judicial Process due to Plaintiff's Failure to Disclose His Litigation History*

Plaintiff's complaint should also be dismissed because Plaintiff has affirmatively misrepresented his litigation history to the Court.  Plaintiff drafted his complaint on a standard § 1983 complaint form which requires a *pro se* plaintiff to make disclosures regarding past federal lawsuits.  ECF No. 1 at 2-3.  The form also warned Plaintiff that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU

ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." *Id*. at 2. Relevant here is the fact that the form unambiguously states, "Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?" *Id*. at 2. Plaintiff is further instructed that "if you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper, giving the same information for each". *Id*. In response, Plaintiff lists only one lawsuit, 3:20-cv-40, Burtch v. Jones (M.D.Ga), and does not include a separate sheet which would detail any other lawsuits. *Id*. Plaintiff's responses to the questions regarding previous litigation are patently false and misleading to the Court. A review of PACER records indicates that prior to the docketing of this lawsuit, Plaintiff has filed at least six (6) federal lawsuits while incarcerated:[2]

1) *Burtch v. Franklin County Jail*, 3:23-cv-120 (filed in M.D. Ga. Oct. 24, 2023) (pending)

---

[2] Although not specific to the question on the standard form regarding lawsuits while incarcerated, a review of PACER records further indicates that prior to the docketing of this lawsuit, Plaintiff filed at least nine (9) federal lawsuits while presumably not an inmate in any facility in which he was permitted to proceed *in forma pauperis*. *See Burtch v. Red Roof Inn*, 3:23-cv-33 (M.D. Ga. May 15, 2023) (dismissed for failure to state a claim); *Burtch v. Red Roof Inn*, 8:23-cv-820 (D.S.C. Oct. 16, 2023) (dismissed for failure to state a claim); *Burtch v. State of Georgia*, 3:23-cv-21 (M.D. Ga. July 14, 2023) (dismissed for failure to obey a court order); *Burtch v. Franklin Inn*, 3:22-cv-80 (M.D. Ga. Oct. 17, 2022) (dismissed for failure to state a claim); *Burtch v. State of Georgia*, 3:22-cv-14 (M.D. Ga. May 20, 2022) (dismissed for failure to obey a court order); *Burtch v. Thomas*, 3:21-cv-108 (M.D. Ga. Oct. 12, 2021) (dismissed for failure to state a claim); *Burtch v. St. Mary's Hospital*, 3:21-cv-89 (M.D. Ga. Sept. 3, 2021) (dismissed for failure to state a claim); *Burtch v. Westbrook*, 3:20-cv-131 (M.D. Ga. Mar. 31, 2021) (dismissed for failure to state a claim); *Burtch v. Georgia*, 3:20-cv-40 (M.D. Ga. July 10, 2020) (dismissed for failure to state a claim)

2) *Burtch v. Georgia*, 3:23-cv-80 (filed in M.D. Ga. July 10, 2023) and transferred to the Northern District of Georgia on August 24, 2023 and docketed in that Court as *Burtch v. Georgia*, 2:23-cv-173

3) *Burtch v. Georgia*, 3:23-cv-91 (M.D. Ga. Aug 15, 2023) (dismissed as duplicative of *Burtch v. Georgia*, 3:23-cv-80 (filed in M.D. Ga. July 10, 2023)

4) *Burtch v. Wasserman*, 5:18-cv-455 (M.D. Ga., Jan. 24, 2019) (dismissed for failure to state a claim)

5) *Burtch v. Public Defender Standards Council*, 1:18-cv-201 (M.D. Ga. May. 8, 2019) (dismissed for failure to state a claim)

6) *Burtch v. Dodson*, 3:17-cv-61 (M.D. Ga. June 7, 2019) (summary judgment granted for Defendants)

At least three of these prior lawsuits were filed just in this past year. Thus, Plaintiff was well aware he had previous lawsuits when he falsely notified this Court that he had previously filed only one federal lawsuit while a prisoner back in 2020. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (per curiam) ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits").

The standard complaint form used by the Plaintiff in the filing of this action further asks, "AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" ECF No. 1 at 3. Plaintiff answers "no" to this question and does not list any previous litigation he has brought in the federal courts that were dismissed for the stated

grounds. *Id*. Again, Plaintiff's response to this question regarding previous litigation is patently false and misleading to the Court. Plaintiff has filed two cases while incarcerated in which he was permitted to proceed *in forma pauperis* and which were dismissed for failure to state a claim, thereby constituting strikes under 28 U.S.C. § 1915(g). *See Burtch v. Wasserman*, 5:18-cv-455 (M.D. Ga., Jan. 24, 2019); *Burtch v. Public Defender Standards Council*, 1:18-cv-201 (M.D. Ga. May. 8, 2019).[3]

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And as other courts within this Circuit have reasoned, if

---

[3] Plaintiff has also brought several other federal lawsuits in which he was permitted to proceed *in forma pauperis* but not incarcerated, which were also dismissed for failure to state a claim. *See Burtch v. Red Roof Inn*, 3:23-cv-33 (M.D. Ga. May 15, 2023); *Burtch v. Red Roof Inn*, 8:23-cv-820 (D.S.C. Oct. 16, 2023); *Burtch v. State of Georgia*, 3:23-cv-21 (M.D. Ga. July 14, 2023); *Burtch v. Franklin Inn*, 3:22-cv-80 (M.D. Ga. Oct. 17, 2022); *Burtch v. Thomas*, 3:21-cv-108 (M.D. Ga. Oct. 12, 2021) (dismissed for failure to state a claim); *Burtch v. Westbrook*, 3:20-cv-131 (M.D. Ga. Mar. 31, 2021).

*pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted).

"Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A prisoner's "failure to comply with court rules requiring disclosures about his previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Sears*, 509 F. App'x at 936; *see also Shelton*, 406 F. App'x at 340-41 (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court). Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad faith litigiousness or manipulative tactics. *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." *Id*. at 225–26 (citing Fed. R. Civ. P. 11(c)).

Even where a prisoner has later provided an explanation for his lack of candor, courts have generally rejected the proffered reason as unpersuasive. *See, e.g., Redmon*, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his

failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); *Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 941 (11th Cir. 2010) (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Although Plaintiff has filed many previous federal lawsuits, he overtly failed to divulge his full litigation history to a district court when instructed to do so.   Therefore, Plaintiff's complaint is subject to *sua sponte* dismissal without prejudice for failure to disclose his litigation history. It is thus **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).   *See Sears*, 509 F. App'x at 936; *Shelton*, 406 F. App'x at 340-41 (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court).

IV.   Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and as an abuse of the judicial process.   28 U.S.C. § 1915A(b)(1); *See also Sears*, 509 F. App'x at 936.

16

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with United States District Judge Tilman E. Self, III., **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 2nd day of January, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge